2013 NOV 27

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Sean S. Buchanan

(Enter above the full name of the Plaintiff(s)

vs.

Case Number: 13-CV-2614 EFM/GLR

Douglas E. Wells
Name
5891 SW 29th Street
Street and number
Topeka, Kansas 66614
City State Zip Code

(Enter above the full name and address of the Defendant in this action - list the name and address of any additional defendants on the back side of this sheet).

**CIVIL COMPLAINT**

I. Parties to this civil action:

(In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any, on an attached sheet of paper).

A. Name of plaintiff Sean S. Buchanan

Address 35828 Fleming Rd.

Orrick, Missouri 64077

(In item B below, write the full name of the defendant in the first blank. In the second blank, write the official position of the defendant. Use item C for the names and positions of any additional defendants).

B. Defendant Douglas E. Wells is employed at Douglas E. Wells, Attorney at Law

______________________________

C. Additional Defendants ______________________________

______________________________

______________________________

II. Jurisdiction:

(Complete one or more of the following subparagraphs, A., B.1, B.2., or B.3., whichever is applicable.)

A. (If Applicable) Diversity of citizenship and amount:

1. Plaintiff is a citizen of the State of Missouri.

2. The first-named defendant above is either

a. a citizen of the State of Kansas; or

b. a corporation incorporated under the laws of the State of ______________ and having its principal place of business in a State other than the State of which plaintiff is a citizen.

3. The second-named defendant above is either

a. a citizen of the State of ______________; or

b. a corporation incorporated under the laws of the State of ______________ and having its principal place of business in a State other than the State of which plaintiff is a citizen.

(If there are more than two defendants, set forth the foregoing information for

each additional defendant on a separate page and attach it to this complaint.)

Plaintiff states that the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000.00).

B. (If applicable) Jurisdiction founded on grounds other than diversity (Check any of the following which apply to this case).

_____ 1. This case arises under the following section of the Constitution of the United States or statute of the United States (28 U.S.C. §1331):
Constitution, Article_____, Section_____;
Statute, US Code, Title_____, Section_____.

_____ 2. This case arises because of violation of the civil or equal rights, privileges, or immunities accorded to citizens of, or persons within the jurisdiction of, the United States (28 U.S.C. §1343).

_____ 3. Other grounds (specify and state any statute which gives rise to such grounds):

______________________________________________

______________________________________________

______________________________________________

______________________________________________

III. Statement of Claim:

(State here a short and plain statement of the claim showing that plaintiff is entitled to relief. State what each defendant did that violated the right(s) of the plaintiff, including dates and places of such conduct by the defendant(s). Do not set forth legal arguments. If you intend to allege more than one claim, number and set forth each claim in a separate paragraph. Attach an additional sheet, if necessary, to set forth a short and plain statement of the claim[s].)

See attached "Statement of Claims"

______________________________________________

______________________________________________

______________________________________________

IV. Relief:

(State briefly exactly what judgement or relief you want from the Court. Do not make legal arguments.)

See attached "Statement of Claims"

V. Do you claim the wrongs alleged in your complaint are continuing to occur at the present time? Yes [ ] No [✓]

VI. Do you claim actual damages for the acts alleged in your complaint? Yes [✓] No [ ]

VII. Do you claim punitive monetary damages? Yes [✓] No [ ]

If you answered yes, state the amounts claimed and the reasons you claim you are entitled to recover money damages.

See attached "Statement of Claims"

VIII. Administrative Procedures:

A. Have the claims which you make in this civil action been presented through any type of Administrative Procedure within any government agency? Yes [ ] No [✓]

B. If you answered yes, give the date your claims were presented, how they were presented, and the result of that procedure:

______________________________

______________________________

______________________________

C. If you answered no, give the reasons, if any, why the claims made in this action have not been presented through Administrative Procedures:

No government agency is a party to this action. Other than direct communication with the defendant, which has been made, this civil action presents the only course for the remedy and relief I seek.

______________________________

IX. Related Litigation:

Please mark the statement that pertains to this case:

_____ This cause, or a substantially equivalent complaint, was previously filed in this court as case number ______________ and assigned to the Honorable Judge ____________________.

✓ Neither this cause, nor a substantially equivalent complaint, previously has been filed in this court, and therefore this case may be opened as an original proceeding.

[signature]

Signature of Plaintiff

Sean S. Buchanan

Name (Print or Type)

35828 Fleming Rd.
Address

Orrick, Missouri 64077
City State Zip Code

(816) 695-9587
Telephone Number

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates ☐Wichita, ☑Kansas City or ☐Topeka , Kansas as the location for the trial in this matter.
(check one location)

Signature of Plaintiff

## REQUEST FOR TRIAL BY JURY

Plaintiff requests trial by jury ☑yes ☐no .
(check one)

Signature of Plaintiff

Dated: 11/29/13
(Rev. 8/07)

## Additional Information

See attached "Statement of Claims"

## STATEMENT OF CLAIMS:

### A. FACTS PERTAINING TO THE CASE

1. Plaintiff, Sean S. Buchanan, is an independent stone carver representing himself pro se in this civil action.
2. Defendant, Douglas E. Wells is an Attorney at Law with primary offices located at: 5891 SW 29th Street, Topeka, Kansas 66614.
3. On January 27, 2011 Mr. Buchanan accepted an offer from Attorney Wells to represent Mr. Buchanan in a criminal DUI case brought against Mr. Buchanan in the District Court of Shawnee County, Kansas.
4. The criminal trial was held from November 30, 2011through December 2, 2011.
5. Mr. Buchanan was charged with all three alternatives of K.S.A. 8-1567 (a)(1), (a)(2), and (a)(3).
6. Mr. Buchanan was found not guilty of counts (a)(2) and (a)(3).
7. Mr. Buchanan was found guilty of count (a)(1).
8. Attorney Wells withdrew from representation on December 21, 2011, 19 days after the trial but prior to sentencing.
9. At all relevant times, Mr. Buchanan relied on Attorney Wells to represent him "within the bounds of good faith, prudence, professional ethics, and legal professionalism" as stated in their "Agreement for Legal Services".
10. At all relevant times, Mr. Buchanan relied on Attorney Wells for competent, diligent, and conflict-free representation.
11. At all relevant times, Mr. Buchanan relied on Attorney Wells for honest and candid legal advice regarding his case, the law, and strategy.
12. Sgt. Don O'Dell, Topeka Police Department (TPD), was the Agency Custodian for the Intoxilyzer 8000 (I-8000) breath testing machine employed by TPD in the case against Mr. Buchanan.
13. Sgt. Don O'Dell was a key witness for the state against Mr. Buchanan.

14. Sgt. John Trimble, Topeka Police Department, was Mr. Buchanan's arresting officer.

15. Mary Catherine McMurray is an expert witness who was employed by the defense to provide scientific testimony in the case against Mr. Buchanan.

16. Linda Buchanan is Mr. Buchanan's spouse. At all relevant times, she was expressly authorized by Mr. Buchanan to have full access and input, with and from Attorney Wells, in all matters relating to the criminal case.

## B. CAUSES OF ACTION

### 1. Violations of Plaintiff's 6th Amendment Rights and Violations of Kansas Rules of Professional Conduct, Rule 226 (1.7) Conflict of Interest

17. Plaintiff incorporates by reference paragraphs 1 through 16 of this Petition.

18. Attorney Wells neglected to disclose to Plaintiff his long-time, close, working relationship with Sgt. Don O'Dell.

19. As Agency Custodian for TPD, Sgt. O'Dell was responsible for the Quality Control (QC) checks performed on the I-8000 breath machines employed by TPD for evidentiary use, including the machine used to test Mr. Buchanan's breath.

20. Sgt. O'Dell had neglected, for at least six months prior through six months after Mr. Buchanan's breath test on September 31, 2010, to ensure that QC checks on TPD breath machines, including the machine used to test Mr. Buchanan's breath, were done in accordance with Kansas Department of Health and Environment Standard Operating Procedures (KDHE SOP), as required by law.

21. During that time, Sgt. O'Dell was turning in handwritten Monthly Certified Standard Reports to KDHE as if the QC checks had been done according to KDHE SOP.

22. Attorney Wells and Sgt. O'Dell have, for approximately 10 years, worked together on legal education presentations titled, "Cross Examination of the Arresting Officer".

23. Defendant's long-standing relationship with Sgt. O'Dell prevented him from pressing this advantage with Sgt. O'Dell on the stand and under oath.

24. Defendant's relationship with Sgt. O'Dell prevented him from being a zealous advocate of Mr. Buchanan's liberty interests.
25. Mr. Buchanan's 6th Amendments rights include the right to conflict-free counsel and the effective assistance of counsel.
26. Defendant's conduct violated Kansas Rule of Professional Conduct 226 (1.7) Conflict of Interest.
27. Defendant's conduct violated Mr. Buchanan's 6th Amendment rights.
28. Attorney Wells' conduct and omissions were a failure to exercise the care, skill, and diligence common to the legal profession.
29. But for Attorney Wells misconduct, errors, and omissions, Mr. Buchanan's breath test result would not have been admissible and Mr. Buchanan would not have been convicted.
30. As a result of Defendant's negligent conduct, Mr. Buchanan has suffered damages in excess of $75,000.

WHEREFORE, Plaintiff respectfully requests judgment of the court against Defendant, awarding to Plaintiff (i) damages in excess of $75,000; (ii) pre- and post-judgment interest; (iii) costs, including reasonable attorney fees for this action; and (iv) any other relief deemed just and equitable by the court.

**2. Violations of Plaintiff's 6th Amendment Rights and Violations of Kansas Rule of Professional Conduct 226 (1.1) Competence and (1.3) Diligence**

31. Plaintiff incorporates by reference paragraphs 1 through 30 of this Petition.
32. Attorney Wells neglected to file a motion to suppress Mr. Buchanan's breath test result.
33. On July 8, 2011 the Defendant did file a "Motion In Limine and To Suppress Preliminary Breath Test Evidence and Testimony At Trial", although preliminary breath test evidence and testimony was never offered by the prosecution.
34. The breath test result was the most significant evidence against Mr. Buchanan.

35. Sgt. John Trimble, TPD, testified under oath that had Mr. Buchanan not "blown over the limit" [.08 breath test result] he would not have been arrested for DUI. (transcript page 162, lines 6-10, 18-19).

36. Attorney Wells had knowledge, by at least July 13, 2011 through email correspondence with Mary Catherine McMurray, that "there is non-conformance with non-subject test data and periodic calibration testing data and missing information", meaning that TPD was not conducting periodic Quality Control (QC) checks on their evidential breath testing machines according to KDHE SOP.

37. Attorney Wells had knowledge that *Kansas Administrative Regulation 28-32-9* requires operators to follow KDHE SOPs.

38. Attorney Wells had knowledge that Kansas case law requires, "the prosecution must lay a foundation that the testing machine was operated according to…any regulations set forth" by KDHE. *State v. Lieurance, 14 Kan. App.2d (1989)*

39. Attorney Wells had knowledge that Kansas case law requires that all officers and agencies must follow all KDHE procedures. "…the state bears the burden of admissibility of evidence it offers. Because of the importance of the breath test result, additional specialty requirements have been put in place to make sure the test results are sufficiently reliable to be admitted." *State v. Wenzel, 39 Kan. App.2d (2008).*

40. Based on the trial record the breath test result was inadmissible.

41. In an email to Attorney Wells dated November 15, 2011 Mr. Buchanan and his spouse, Linda, pleaded with the Defendant to motion to suppress, dismiss, continue, and/or initiate an investigation into the breath test machine in order to determine its reliability before proceeding to trial.

42. Attorney Wells neglected to file any such pre-trial motions.

43. At all relevant times, Attorney Wells recognized that by neglecting to file a lawful and winning motion to suppress and/or dismiss, he was insuring the jury would find guilt even with an evidential machine of untested reliability.

44. At all relevant times, Attorney Wells knew that refusing Mr. Buchanan's pleas to file reasonable motions would result in mental anguish and severe detriment to Mr. Buchanan.

45. At all relevant times, Mr. Buchanan relied in good faith on competent and diligent representation by the Defendant.

46. The Defendant's conduct was the negligent mishandling of the case.

47. Mr. Buchanan's 6th Amendments rights include the rights to conflict-free and the effective assistance of counsel.

48. Defendant's errors, omissions, and negligence violated Mr. Buchanan's 6th Amendment rights.

49. Defendant's unethical conduct was a violation of Kansas Rules of Professional Conduct 226 (1.1 Competence and (1.3) Diligence.

50. Attorney Wells' errors, omissions and negligence were a failure to exercise the care, skill, and diligence common to the legal profession.

51. But for the Defendant's conduct, the breath test would have been suppressed, the charges dismissed, and/or Mr. Buchanan would not have been convicted.

52. As a result of the Defendant's negligence, incompetence, and lack of diligence, Mr. Buchanan has suffered damages in excess of $75,000.

WHEREFORE, Plaintiff respectfully requests judgment of the court against the Defendant, awarding to Plaintiff (i) damages in excess of $75,000; (ii) pre- and post-judgment interest; (iii) costs, including reasonable attorney fees for this action; and (iv) any other relief deemed just and equitable by the court.

**3. Violations of Plaintiff's 5th and 6th Amendment Rights, Fraud, and Violations of Kansas Rule of Professional Conduct 226 (8.4) Misconduct**

53. Plaintiff incorporates by reference paragraphs 1 through 52 of this Petition.

54. Attorney Wells misrepresented the law to Mr. Buchanan by telling him, on November 29, 2011 that "there is a law in Chapter 22 [of the K.S.A.] that makes District Court Rules discretionary".

55. This occurred after Mr. Buchanan had pointed out to the Defendant that the prosecution had violated D.C.R. 3.319 in requesting a continuance of the trial setting.

56. There is no law in Chapter 22 making District Court Rules discretionary.

57. During a ruling on the prosecution's motion to continue the trial setting, the judge suggested that the State could dismiss and refile the charges to circumvent the speedy trial deadline.

58. After the hearing, Mr. Buchanan asked Attorney Wells if this were true. The Defendant stated that it was true. The Defendant also told Mr. Buchanan that would result in starting the process over from "square one".

59. "Dismissing and refiling to avoid speedy trial violation because police could not appear, due to training, to prejudice and gain tactical advantage over defendant is both a violation of his right to a speedy trial and his rights under the Due Process Clause of the U.S. Constitution." *State v. Clopton, No. 87,527 Kan. Ct. App. (2002).*

60. When the prosecution illegally amended its complaint to include all three alternatives of DUI, K.S.A. 8-1567(a)(1), (a)(2), and (a)(3), in violation of 8-1567(t) [now codified as (n)], Attorney Wells cited only half of the relevant statute to Mr. Buchanan.

61. Attorney Wells neglected to explain to Mr. Buchanan the relevant portion of the statute that states that the prosecution "may elect one or two of the three [alternatives]".

62. At all relevant times, Mr. Buchanan relied in good faith on the prudence, honesty, fairness, professional ethics, and legal professionalism of the Defendant.

63. The conduct of the Defendant violates Mr. Buchanan's 6th Amendment rights.

64. The conduct of the Defendant violates Kansas Rule of Professional Conduct 226 (8.4) Misconduct.

65. The conduct of the Defendant constitutes a knowing and intentional fraud.

66. The Defendant's conduct was intended to inflict emotional distress on Mr. Buchanan by exploiting Plaintiff's reliance on his trustworthiness.

67. But for the Defendant's fraudulent misrepresentations, Mr. Buchanan would not have been denied his rights under the 5th and 6th Amendments.

68. As a result of the Defendant's fraud, violations of rights, and violations of Kansas Rules of Professional Conduct, Mr. Buchanan has suffered damages in excess of $75,000.

WHEREFORE, Plaintiff respectfully requests judgment of the court against the Defendant, awarding to Plaintiff (i) damages in excess of $75,000; (ii) pre- and post-judgment interest; (iii) costs, including reasonable attorney fees, for this action; and (iv) any other relief deemed just and equitable by the court.

**4. Violations of Plaintiff's 6th Amendment Rights and Violations of Kansas Rules of Professional Conduct 226 (1.1) Competence, (1.3) Diligence, and (1.16) Declining or Terminating Representation**

69. Plaintiff incorporates by reference paragraphs 1 through 68 of this Petition.

70. Attorney Wells improperly withdrew from representation of Mr. Buchanan on December 21, 2011.

71. The jury returned a guilty verdict against Mr. Buchanan on December 2, 2011.

72. The deadline for filing post-trial motions was December 16, 2011, 14 days after the verdict was returned.

73. Attorney Wells neglected to file a motion to extend the deadline for filing post-trial motions prior to withdrawal.

74. On July 8, 2011 the Defendant did file a "Motion To Extend Time For Filing Motions".

75. The Defendant's July 8, 2011 motion was a simple, half-page motion.

76. Upon termination of representation, the Defendant had a duty to Mr. Buchanan to take steps to the extent reasonably practicable to protect Plaintiff's interests.

77. Defendant's negligence in failing to file a simple, half-page motion to extend deadlines for filing post-trial motions, prior to withdrawal, violated Mr. Buchanan's 6th Amendment rights.

78. Defendant's conduct violated the Kansas Rules of Professional Conduct 226 (1.1) Competence, (1.3) Diligence, and (1.16) Declining or Terminating Representation.

79. Plaintiff expended great effort, time, and money on post-trial motions that were then, as a result of the Defendant's negligence, considered untimely filed and therefore fruitless.

80. As a result of the Defendant's conduct, many of Plaintiff's legal issues were lost without consideration.

81. The Defendant's conduct was a failure to exercise the care, skill, and diligence common to the legal profession.

82. The Defendant's conduct was intended to inflict emotional distress on Mr. Buchanan by denying him numerous and legitimate legal issues to raise post-trial and on appeal.

83. But for Defendant's conduct, Mr. Buchanan would have retained those issues, and enjoyed his rights to substantive due process.

84. As a result of the Defendant's conduct, Mr. Buchanan has suffered damages in excess of $75,000.

WHEREFORE, Plaintiff respectfully requests judgment of the court against the Defendant, awarding to Plaintiff (i) damages in excess of $75,000; (ii) pre- and post-judgment interest; (iii) costs, including reasonable attorney fees, for this action, and; (iv) any other relief deeme3d just and equitable by the court.

**5. Violations of Plaintiff's 6th Amendment Rights and Violations of Kansas Rules of Professional Conduct 226 (1.3) Diligence, (1.16) Declining or Terminating Representation, and (8.4) Misconduct**

85. Plaintiff incorporates by reference paragraphs 1 through 84 of this Petition.

86. Attorney Wells improperly withdrew from representation of Mr. Buchanan on December 21, 2011.

87. From that day forward, Mr. Buchanan made repeated requests and attempts to obtain his case file from Attorney Wells in order to assist in Plaintiff's further defense.

88. Attorney Wells refused to provide the case file to Mr. Buchanan until May 9, 2012.

89. At all relevant times, Plaintiff relied in good faith on the prudence, professional ethics, and legal professionalism of the Defendant.

90. The Defendant's conduct constitutes a failure to exercise the care, skill, and diligence common to the legal profession.

91. The Defendant's conduct was intended to inflict emotional distress on Mr. Buchanan by denying him his rights and ability to prepare a proper defense in post-trial proceedings.

92. But for the Defendant's conduct, Mr. Buchanan would have been able to present a proper defense at post-trial proceedings.

93. As a result of the Defendant's conduct, Mr. Buchanan has suffered damages in excess of $75,000.

WHEREFORE, Plaintiff respectfully requests judgment of the court against the Defendant, awarding to Plaintiff (i) damages in excess of $75,000; (ii) pre- and post-judgment interest; (iii) costs, including reasonable attorney fees, for this action; and (iv) any other relief deemed just and equitable by the court.

Respectfully submitted,

Sean S. Buchanan

35828 Fleming Rd.

Orrick, Missouri 64077

Phone: (816) 695-9587

By: ______________________

Sean S. Buchanan, pro se