IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SEAN S. BUCHANAN,

*Plaintiff,*

vs.                                                        Case No. 2:13-CV-02614-EFM-GLR

DOUGLAS E. WELLS,

*Defendant.*

MEMORANDUM AND ORDER

Plaintiff Sean S. Buchanan ("Plaintiff") seeks monetary damages from his previous attorney, Defendant Douglas E. Wells ("Defendant"), for alleged legal malpractice, fraud, negligence, and intentional infliction of emotional distress. This matter is before the Court on Defendant's Motion to Dismiss (Doc. 6). For the reasons stated below, Defendant's motion is granted.

## I.        Factual and Procedural Background

This matter arises from Defendant's representation of Plaintiff in a 2011 state criminal DUI case. On August 31, 2010, Plaintiff was arrested for driving under the influence of alcohol. The State filed a complaint on January 10, 2011, charging Plaintiff with driving under the influence, misdemeanor possession of a hallucinogenic drug, and possession of drug paraphernalia.

A criminal trial was held from November 30, 2011, through December 2, 2011. At trial, Plaintiff was represented by Defendant. The jury returned a verdict of guilty on the charge of driving under the influence. On December 21, 2011, the court granted Defendant's motion to withdraw as counsel and attorney Casey Meek ("Meek") entered his appearance. Meek filed a motion to withdraw as counsel on April 13, 2012. Attorney William Roark entered his appearance on May 24, 2012. Simultaneous to these substitutions of counsel, Plaintiff filed a variety of post-trial motions, including a motion for a new trial (alleging newly discovered evidence), motion to dismiss for violation of speedy trial rights, and motion for a new trial (alleging ineffective assistance of counsel). On August 10, 2012, the state court dismissed Plaintiff's motions for a new trial as untimely filed and denied his motion to dismiss based upon speedy trial violations. The court continued the matter for further hearing on the issues of newly discovered evidence and ineffective assistance of counsel. Following evidentiary hearings, these motions were also denied.

Plaintiff filed this claim against Defendant on November 27, 2013, alleging malpractice, fraud, negligence, and intentional infliction of emotional distress. Defendant now seeks to dismiss Plaintiff's claims in their entirety.

## II.   Jurisdiction

Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction.[1] There are two statutory bases for federal subject matter jurisdiction. First, diversity jurisdiction is governed by 28 U.S.C. § 1332(a)(1), which

---

[1] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see also United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent. They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1.") (internal citations omitted).

provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between citizens of different states." Second, under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States," or federal question jurisdiction. In addition, if the Court has federal question or diversity jurisdiction of some claims, it may exercise supplemental jurisdiction over state law claims.[2] Because Plaintiff is a citizen of Missouri and Defendant is a citizen of Kansas, and because the amount in controversy exceeds $75,000, the Court has diversity jurisdiction to hear this case.

### III.    Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[3] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[4]  A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[5]  The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of the claims as well as the grounds upon which each claim rests.[6]  Under Rule 12(b)(6), the court must accept as true all factual allegations in the

---

[2] 28 U.S.C. § 1367.

[3] FED. R. CIV. P. 12(b)(6).

[4] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009).

[5] *Iqbal*, 566 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[6] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (internal citations omitted); *see also* FED. R. CIV. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief.").

complaint, but need not afford such a presumption to legal conclusions.[7]  Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[8]  If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[9]

## IV.   Analysis

Plaintiff alleges that Defendant failed to exercise the "care, skill, and diligence common to the legal profession," by: (1) neglecting to disclose a long-standing, close working relationship with the police sergeant in charge of quality control checks of the breath-alcohol test equipment and who testified at his trial; (2) neglecting to file a motion to suppress Plaintiff's breath test results; (3) misrepresenting the law to Plaintiff by neglecting to explain relevant portions of applicable statutes; (4) improperly withdrawing from representation and neglecting to file a motion to extend the deadline for filing post-trial motions prior to withdrawal; and (5) refusing to provide the case file to Plaintiff after withdrawing from representation.[10]

**Plaintiff's Constitutional and Ethical-Based Causes of Action Fail to State a Claim**

Plaintiff's Complaint, as written, fails to state a claim upon which relief can be granted. Plaintiff alleges the following causes of action: (1) violation of the Sixth Amendment, (2) violation of the Fifth Amendment, (3) violations of the Kansas Rules of Professional Conduct, (4) fraud, and (5) intentional infliction of emotional distress.

---

[7] *Iqbal*, 556 U.S. at 678-79.

[8] *See id.* at 678. ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").

[9] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[10] Complaint, Doc. 1, pp. 9-16.

Although Plaintiff does not specifically address the statute in his *pro se* pleadings, it is clear by the nature of his claims that he attempts to bring constitutional claims pursuant to 42 U.S.C. § 1983.[11] Section 1983 allows plaintiffs to bring claims for alleged constitutional violations committed by an individual party *only if* the violating party is a state actor acting "under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia."[12] The United States Supreme Court has made clear that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."[13] Because a defense attorney serves "essentially a private function . . . for which state office and authority are not needed," a plaintiff may not bring claims of constitutional violations against his or her former defense attorney under § 1983.[14] Plaintiff's causes of action based on alleged violations of the Fifth and Sixth Amendments therefore fail to state a claim upon which relief can be granted.

Plaintiff's causes of action based on alleged violations of the Kansas Rules of Professional Conduct ("KRPC") also fail to constitute claims upon which relief can be granted. The preamble of the KRPC sets forth the scope of the rules and explains that an ethical violation cannot be the basis of a civil claim:

> Violation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached . . . The Rules are designed to provide guidance to lawyers and to

---

[11] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.").

[12] 42 U.S.C. § 1983.

[13] *Polk County v. Dodson,* 454 U.S. 312, 318 (1981).

[14] *Id.* at 319.

provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. . . . [T]he purpose of the rules can be subverted when they are involved by opposing parties as procedural weapons.[15]

Because "an attorney's violation of the KRPC does not, in and of itself, create a legal duty upon which a civil cause of action for negligence can be based," an alleged violation of the Rules cannot be the basis of a civil cause of action.[16] As such, Plaintiff's causes of action based on ethical violations of the KRPC fail to state a claim upon which relief can be granted.

**Plaintiff's Claims Sound in Legal Malpractice**

However, just because Plaintiff's claims, as categorized, fail to state a claim upon which relief can be granted, this does not necessarily mean that Plaintiff fails to state a claim. A "complaint should not be dismissed merely because the plaintiff's allegations do not support the *stated* legal theory, for the court is obligated to determine whether the allegations support relief on *any possible theory*."[17] Because "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," the Court recognizes that these claims cannot be ignored simply because they have not been clearly and specifically categorized in Plaintiff's Complaint.[18] If the Court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail," it will do so.[19]

---

[15] KRPC, "Scope" ¶ 20.

[16] *Zimmerman v. Brown*, 49 Kan. App. 2d 143, 159, 306 P.3d 306, 316 (Kan Ct. App. 2013) (citing *Shamberg, Johnson & Bergman, Chtd. v. Oliver*, 289 Kan. 891, Syl. ¶ 1, 220 P.3d 333 (2009). *See also Tilzer v. Davis, Bethune & Jones, L.L.C.*, 288 Kan. 477, 491, 204 P.3d 617, 627 (Kan. 2009) ("an ethical violation does not establish a per se claim for malpractice").

[17] *Crawford v. Plumm*, 2003 WL 22849183, at *1 (D. Kan. Nov. 24, 2003) (citing *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1375 n.5 (10th Cir. 1980)).

[18] *Hall*, 935 F.2d at 1110 (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

[19] *Id.*

Plaintiff reiterates his reliance on "competent and diligent representation" and "legal professionalism" multiple times throughout the Complaint.[20]   Each of Plaintiff's claims alleges Defendant's "failure to exercise the care, skill, and diligence common to the legal profession."[21] Such language is the very essence of a legal malpractice claim. The Kansas Supreme Court has held that "lawyers, like other professionals, are required to have and exercise the learning and skill ordinarily possessed by members of their profession in the community,"[22] and that, for purposes of a legal malpractice action, "a plaintiff must show that his attorney failed to use that degree of learning, skill, and care that a reasonably competent lawyer would use in similar circumstances."[23] Therefore, the Court finds that Plaintiff's claims sound in legal malpractice.

**Plaintiff's Malpractice Causes of Action Fail to State a Claim due to the Exoneration Rule**

Even when properly characterized, Plaintiff's claims for legal malpractice must fail. Under Kansas law, a plaintiff must ordinarily prove four elements to prevail on a legal malpractice claim: "(1) the duty of the attorney to exercise ordinary skill and knowledge, (2) a breach of that duty, (3) a causal connection between the breach of duty and the resulting injury, and (4) actual loss or damage."[24] A plaintiff must also "establish the validity of the underlying

---

[20] Complaint, Doc. 1, pp. 12-13.

[21] Complaint, Doc. 1, pp. 10, 12, 15, and 16.

[22] *Canaan v. Bartee*, 276 Kan. 116, 129-30 (Kan. 2003) (quoting *Schoonover v. State*, 2 Kan. App. 2d 481, 488 (Kan. Ct. App. 1978)).

[23] *Id.* at 130 (citing *Bowman v. Doherty*, 235 Kan. 870, 878 (1984)); *see also Martinez v. Wurtz*, 2008 WL 1867986, at *3 (D. Kan. Apr. 24, 2008).

[24] *Canaan*, 276 Kan. at 120 (quoting *Bergstrom v. Noah*, 266 Kan. 847, 874 (Kan. 1999)).

claim by showing that it would have resulted in a favorable judgment in the underlying lawsuit had it not been for the attorney's error."[25]

In its 2003 decision *Canaan v. Bartee*,[26] the Kansas Supreme Court, mirroring a majority of states, adopted the exoneration rule.[27] The rule requires "a person convicted in a criminal proceeding to first obtain postconviction relief before maintaining a legal malpractice claim against his or her former criminal defense attorney(s)."[28] The *Canaan* court stated:

> [T]he adoption of the exoneration rule could be construed simply as a recognition that a plaintiff has no cause of action until he or she can establish the causation element of his or her claim. In other words, until a plaintiff has been exonerated, his or her criminal conduct and not his or her attorney's negligence is the proximate cause of his or her incarceration. Under this theory, the plaintiff has no cause of action deserving of constitutional protection until exoneration occurs.[29]

Plaintiff is therefore required to plead and prove that he has been exonerated by postconviction relief *before* bringing legal malpractice claims. Plaintiff makes no such allegation and the record, in fact, indicates the exact opposite.

Plaintiff was found guilty of a DUI by a jury on December 2, 2011. Following his conviction, Plaintiff made several postconviction motions, including: (1) motion to dismiss for alleged speedy trial violation, (2) motion for judgment of acquittal based upon lack of evidence to sustain a guilty verdict and ineffective assistance of counsel, (3) motion for a new trial based upon trial errors, and (4) motion for a new trial based upon newly discovered evidence.[30] Each of

---

[25] *Id.*

[26] 276 Kan. 116 (Kan. 2003).

[27] *See Holmes v. Boal*, 2005 WL 2122315, at *4 (D. Kan. Aug. 22, 2005).

[28] *Id.* (citing *Canaan*, 276 Kan. at 117).

[29] *Canaan*, 276 Kan. at 131.

[30] Defendant's Motion to Dismiss, Doc. 7-1, p. 10.

these motions has been denied.[31] Additionally, a records search indicates that Plaintiff's conviction is currently on appeal with the Kansas Court of Appeals.[32] Unless and until Plaintiff is exonerated or receives some other postconviction relief, his claims are not yet ripe.  The Court therefore concludes that Plaintiff currently has no cause of action against Defendant under Kansas law. As such, Defendant's motion to dismiss Plaintiff's claims for legal malpractice is granted.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 6) is hereby **GRANTED**.

**IT IS SO ORDERED**.

Dated this 8th day of July, 2014.

*Eric F Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[31] Defendant's Motion to Dismiss, Doc. 7-1, p. 26.

[32] *Kansas v. Buchanan*, No. 109460. According to the Kansas Court of Appeals website, a show cause hearing was scheduled for May 21, 2014. No further action has been taken.